■ In the Matter of EDWARD P. FINNERTY, an Attorney and Counselor-at-Law. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [745 NYS2d 621] —Per Curiam. Respondent was admitted to practice by this Court in 1977. He maintains an office for the practice of law in the Village of Lake Placid, Essex County.

Respondent has admitted to charges of professional misconduct which allege that he neglected the conservatorship of an elderly woman and also neglected her estate (*see*, Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), converted funds from her checking account while he served as conservator (*see*, DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7); DR 9-102 [22 NYCRR 1200.46]) and, in violation of DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]), attempted to mislead and deceive petitioner about the conversion, gave false testimony before petitioner in a continuing effort to hide the conversion, and filed conservatorship accountings which contained false information designed to hide the conversion.

In mitigation, respondent states that he provided significant services while conservator, made restitution, accepts full responsibility for his misconduct and is remorseful. He also notes that he has been very active in his community, especially with state and national skiing organizations.

Having considered all of the circumstances, we conclude that respondent should be suspended from practice for a period of two years. We also deny respondent's request that he be allowed to continue to practice as a Town Attorney.

Cardona, P.J., Mercure, Spain, Carpinello and Lahtinen, JJ.,

concur. Ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is suspended from practice, effective 20 days from the date of this decision, for a period of two years, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see*, 22 NYCRR 806.9).